# In The
# United States Court of Appeals
## for the
# Third Circuit

Case No.  12-3875

HEATHER HINTERBERGER

v.

IROQUOIS SCHOOL DISTRICT and SALLY LOFTUS

SALLY LOFTUS

*Appellant*

*On Appeal from the September 26, 2012 Memorandum Opinion and Order*
*of the United States District Court for the Western District of Pennsylvania, at*
*Civil Action No. 08-317 Erie, Denying*
*Defendant/Appellant Sally Loftus's Motion for Summary Judgment*

## ADDENDUM TO BRIEF OF APPELLANT

RICHARD A. LANZILLO, ESQ.
KNOX MCLAUGHLIN GORNALL
& SENNETT, P.C.
120 West Tenth Street
Erie, Pennsylvania  16501
(814) 459-2800

Attorneys for Appellant,
Sally Loftus

# AMENDED TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................... i

TABLE OF AUTHORITIES ............................................................... iii

CORPORATE DISCLOSURE STATEMENT ................................... 1

I.     JURISDICTIONAL STATEMENT ......................................... 2

II.    ISSUES PRESENTED ........................................................ 3

III.   STATEMENT OF CASE .................................................... 4

IV.   STATEMENT OF FACTS ................................................. 6

   A.  Background ...................................................................... 6

   B.  The "Twist Down Cradle" ............................................. 7

   C.  Loftus's Deferral of the Twist Down Cradle and Recruitment of an Experienced High School Flyer to Demonstrate and Help Instruct the Maneuver on March 3, 2004 ................................................... 9

   D.  Hinterberger's Accident on March 3, 2004 .................................10

   E.  Loftus's Use of Spotters, Generally, and at the Time of Hinterberger's Accident. ......................................................14

   F.  The Absence of Any Serious Injuries Before March 3, 2004 ....................14

   G.  The Common Performance of Cheerleading Stunts Without Mats ............15

   H.  The Absence of Meaningful Standards Concerning the Conduct of High School Cheerleading .................................................16

V.    STATEMENT OF RELATED CASES AND PROCEEDINGS ...............22

VI.   STANDARD OF REVIEW ................................................23

VII.  SUMMARY OF ARGUMENT ............................................25

VIII. ARGUMENT .................................................................29

   A.  THE DISTRICT COURT ERRED IN HOLDING THAT LOFTUS IS NOT ENTITLED TO QUALIFIED IMMUNITY. ...........................................29

     i.  Whether Loftus is entitled to qualified immunity is an issue properly analyzed under the Saucier two-step analysis. ....................................29

ii.    The Facts Identified by the District Court Do Not Satisfy the
       Culpability Standard of the State-Created Danger Doctrine. ...............31

iii.   Given the Absence of Any Precedential Decision Finding Liability
       Under Reasonably Corresponding Facts, and the Several District Court
       Cases Rejecting Liability Under Corresponding Facts, It Would Not
       Have Been Clear to Loftus in 2004 that Her Conduct Would Be
       Deemed Illegal in 2012. ......................................................................38

iv.    The District Court Erred in Adopting Its Own Rules for the Conduct of
       High School Cheerleading Where the PIAA Declined to Do So and
       Unofficial Rules Provided Only Vague and Inconsistent Standards. ...51

IX.    CONCLUSION .........................................................................57

CERTIFICATE OF BAR MEMBERSHIP............................................................58

CERTIFICATE OF COMPLIANCE....................................................................58

CERTIFICATE OF IDENTICALNESS...............................................................60

CERTIFICATE OF VIRUS SCAN ......................................................................60

## CERTIFICATE OF SERVICE

I hereby certify that two (2) copies of the foregoing **ADDENDUM TO BRIEF OF APPELLANT** were sent, via First Class Mail, to the persons listed below on the April 29, 2013.

T. Warren Jones, Esq.                    Thomas V. Myers, Esq.
Marissa Watts, Esq.                       Nichols & Myers
MacDonald Illig Jones & Britton, LLP   900 State Street, Suite 104
100 State Street, Suite 700              Erie, PA  16501
Erie, PA  16507

I hereby certify that a copy of the Appellant's e-filing with the Court was served via email to the persons listed below on April 29, 2013.


T. Warren Jones, Esq.                    Thomas V. Myers, Esq.
Marissa Watts, Esq.                       Nichols & Myers
MacDonald Illig Jones & Britton, LLP   900 State Street, Suite 104
100 State Street, Suite 700              Erie, PA  16501
Erie, PA  16507

Article I.     An original and ten (10) copies of **ADDENDUM TO BRIEF OF APPELLANT,** has been sent to the court on the same date as above for filing via United States Certificate of Mailing.


/s/Richard A. Lanzillo
Richard A. Lanzillo, Esq.